In the Matter of INVESTIGATIVE GRAND JURY PROCEEDINGS ON APRIL 10, 1979, AND CONTINUING.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Sheldon S. WITTENBERG and Gallon, Kalniz & Iorio, Defendants-Appellants.**

No. 79-3729.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 14, 1980.

Decided May 20, 1980.

Rehearing and Rehearing En Banc

Denied July 25, 1980.

Ted Iorio, Gallon, Kalniz & Iorio Co., LPA, Sheldon S. Wittenberg, Toledo, Ohio, for defendants-appellants.

James R. Williams, U. S. Atty., James D. Jensen, Asst. U. S. Atty., Toledo, Ohio, for plaintiff-appellee.

Before LIVELY, KEITH and MERRITT, Circuit Judges.

PER CURIAM.

This is an appeal by members of a law firm from a District Court order that disqualified them from representing more than one party at a grand jury inquiry. The grand jury was investigating the suspected arson of the Plaza Hotel Renovation Project in Toledo, Ohio. Wittenberg, an associate of the Gallon firm, originally counselled 18 of 22 subpoenaed witnesses. In addition, the Gallon firm often represented several labor unions whose records the grand jury sought. Several key witnesses represented by Wittenberg invoked their Fifth Amendment privilege against compelled incriminatory testimony. The government thereupon moved to disqualify Wittenberg and his firm multiple representation on grounds of conflict of interest.

The government has moved to dismiss the appeal. The threshold issue is whether the Order currently is reviewable. Acknowledging the final judgment rule of 28 U.S.C. § 1291, Wittenberg and the Gallon firm argue that the ruling falls within the exception of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949), for determinations of collateral rights. They cite the decisions of several circuits that have reviewed disqualification orders. The government, based on this Court's opinion *In re April 1977 Grand Jury Subpoenas*, 584 F.2d 1366 (6th Cir. 1978), maintains that the disqualification order was an interlocutory rather than a final judgment and hence not appealable.

For the reasons set out in *In re April 1977 Grand Jury Subpoenas, supra,* the witnesses may not seek review of disqualification orders on an interlocutory basis but only after contempt proceedings or conviction. The lawyers for the witnesses, as independent litigants, have asserted no cognizable federal question—no federal constitutional, statutory or common law claim—and hence we lack jurisdiction over the appeal brought in the name of the lawyers. Indeed the lawyers did not file a complaint on their own behalf in the court below, or assert as parties claims independent of their clients.

Accordingly, the appeal is dismissed for lack of appellate jurisdiction under 28 U.S.C. § 1291 (1976).